**No. 13-35491**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

GORDON B. MORGAN AND JEREMY DE LA GARZA,

*Objectors - Appellants,*

---

ANGELO DENNINGS, *et al.*, on behalf of himself and all others similarly situated,

— v. —

CLEARWIRE CORPORATION,

*Defendant - Appellee.*

---

On Appeal from United States District Court for the Western District of Washington, Case No. C10-1859 JLR
The Honorable James L. Robart

# PLAINTIFFS-APPELLEES' OPPOSITION TO APPELLANT'S EMERGENCY MOTION TO STAY APPEAL BOND


Clifford A. Cantor
LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue, SE
Sammamish, WA 98074-7033
Tel: (425) 868- 7813
Fax: (425) 868- 7870

Jonathan K. Tycko
TYCKO & ZAVAREEI LLP
2000 L. St., N.W. Ste. 808
Washington, D.C. 20036
(202 973-0900

Counsel for Plaintiffs - Appellees
(other Class Counsel listed on signature page)

Through this emergency motion ("Motion"), Appellants Morgan and De La Garza ("Objectors") and their counsel Christopher Bandas continue their campaign to abuse the legal process by wasting the time and resources of this Court, the district court, and the parties. Objectors filed this Motion on July 11, 2013 at 4:40 PDT/7:40 EDT and request that this Court rule on it before the district court's July 14th deadline set forth in its Amended Order Granting Motion for Appeal Bond ("Bond Order"), the **second** such order issued against the Objectors in this litigation. (Objectors previously failed to post a bond even after the district court ordered that they do so). *See* Exhibit 3 to Objectors' Motion (Bond Order). This Motion could have and should have been filed much earlier, but that would have been contrary to Mr. Bandas's and Objectors' *modus operandi*. The filing of this motion is yet another example of Objectors' outrageous conduct. They claim that irreparable harm will result if a stay is not granted by this Court, but they fail to show in any way what that irreparable harm would be. Moreover, Objectors' Motion is overreaching and improper as it not only seeks to stay the Bond Order, it seeks to vacate it as well.

## I. ARGUMENT

"A stay is not a matter of right." *Nken v. Holder*, 556 U.S. 418, 433 (citation omitted). "The party requesting a stay bears the burden of showing that the

circumstances justify an exercise of" the court's discretion to grant such a stay. *Id.* At 433-34.

Rather than attempting to meet their burden — which Objectors cannot do — of showing that the Court should exercise its discretion and grant a stay, Objectors inappropriately treat their Motion as an appeal of the Bond Order or as a opposition to a motion to dismiss their appeal.[1] But the issue here is not whether the Bond Order should be vacated or whether the district court has the authority to dismiss Objectors' appeal.

Objectors' meritless arguments do not amount to a strong showing of a probability of success that the Bond Order (or any other order issued by the district court) will be vacated, particularly where the Bond Order should be reviewed under the abuse of discretion standard. *See* Fed. R. App. 7, Adv. Comm. Notes (indicating that "the question of the need for a bond for costs and its amount [is left] in the discretion of the [district] court."); *Azizian v. Federated Dep't Stores*, Inc., 499 F.3d 950, 955 (9th Cir. 2007) (review of the amount of an appellate bond is ordinarily reviewed for abuse of discretion).

[1] Objectors' posting of an "undisputed $2,000 portion of the bond" and their purported "diligence in moving in the district court for a stay of the bond" was apparently done to support their red-herring arguments that the appeal should not be dismissed.

Regardless of what Objectors have to say about obtaining a stay or about this Court vacating the Bond Order, their arguments must fail.

### A. There is No Basis to Stay the Bond Order

#### 1. Objectors Do Not Make a Strong Showing, or Any Showing, That They are Likely to Succeed on the Merits

Objectors' Motion is not based on any legitimate arguments that favor a stay of the Bond Order as it is entirely unsupported by the facts of this case or Ninth Circuit law. Indeed, the district court already considered Objectors' arguments and correctly found that they are "spurious and fail to show that the appeal bond or its amount are inappropriate under these circumstances." *See* Exhibit 4 to Objectors' Motion (Order Denying Motion to Stay) at 4:12-13.

The district court considered, and rejected, Objectors' argument that the appeal bond somehow includes an improper amount. The district court correctly stated that:

> The Objectors characterize the 'additional costs of settlement administration' as 'costs of delay,' and contend that such costs 'are not available under Fed. R. App. Proc. 7,' but provide no binding authority to support this contention. The Objectors also fail to provide any meaningful argument as to why these costs should be characterized as 'costs of delay,' which refer to the interest that accrues during the time between the settlement agreement and its distribution when the distribution is delayed by an appeal. The expenses used to calculate the bond amount consist of the incremental increases in ongoing settlement administration fees and expenses during the appeal period. ***Delay expenses were explicitly excluded from the calculations***.

*Id.* at 4:13-5:2 (emphasis added and citations omitted).

The district court also considered, and rejected, Objectors' remaining arguments, which principally rely on a "flawed interpretation of *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 955 (9th 2007)." Exhibit 4 to Objectors' Motion at 5:3-7. Like they did below, Objectors make an incoherent argument that a portion of the bond amount from the Bond Order that was ordered "contravene(s) the holding in *Azizian*" and that the Bond Order is *ultra vires*. Objectors cite no authority, however, for the proposition that the Bond Order is *ultra vires*. Furthermore, in *Azizian*, it was held that "appellate attorney's fees should not be included in the amount of an appeal bond as a way to deter frivolous appeals." Exhibit 4 to Objectors' Motion at 5:3-7(citing *Azizian*). But, in this case, "[a]ttorney's fees were expressly excluded from the calculations." *Id.*

Objectors also appear to contend that in issuing the Bond Order, the district court improperly considered the merits of the Objectors' underlying appeal. As the district court correctly noted, however, the Bond Order "was put in place for the protection of the appellee and [the Bond Order] used the merits of the appeal as a factor in determining whether a bond was appropriate. Protection of the appellee is the very purpose of [Fed. R. App. P.] Rule 7 and this is the purpose for which this court used it." *Id.* at 5:7-13 (citations omitted). Indeed, courts within the Ninth Circuit routinely consider the merits of the appeal in determining whether an

appeal bond is necessary. *See, e.g., Miletak v. Allstate Ins. Co.*, No. 06-3778, 2012 WL 3686785, *1 (N.D. Cal. Aug. 27, 2012); *Embry v. ACER Amer. Corp.*, No. 09-1808, 2012 WL 2055030, *1 (N.D. Cal. Jun. 5, 2012); *In re Magsafe Apple Power Adapter Litig.*, No. 09-1911, 2012 WL 2339721, *1 (N.D. Cal. May 29, 2012). Plaintiffs-Appellees are unaware of any Ninth Circuit authority precluding a district court from considering the merits of the appeal in considering whether to order that an appeal bond be posted.

Objectors next argue that the district court improperly considered Objectors' vexatious conduct in considering whether to issue the Bond Order.[2] Yet, Objectors cite no authority in support. Objectors conduct in this case has only been vexatious and in bad faith. For example, the district found that the Objectors' "depositions revealed that [Objector] Morgan had no personal objection to the settlement, neither of [the Objectors] had read the settlement agreement or their own objections to it, and both had worked with the same attorney on other class action cases." *See* Exhibit 4 to Objectors' Motion at 2:14-17. As yet another example of their bad faith and vexatious conduct, on July 9, 2013, Objectors filed an "Amended Notice of Appeal," see Exhibit A, attached hereto where they appeal

[2] Throughout their Motion, Objectors characterize the appeal bond required by the Bond Order as being "punitive." Yet Objectors cite no facts supporting that characterization.

the district court's order approving the class settlement and incentive awards to class representatives, which is an order Objectors already appealed and an appeal already dismissed by this Court.[3] *See* Exhibit B, attached hereto. In other words, Objectors are now appealing an order they have no right to appeal.

The Objectors' assertion that bad faith or vexatious conduct is negated here by an "offer" to stipulate to an injunction that as a practical matter may be lifted at any point is unconvincing. The "offer" itself is disingenuous. Objectors apparently made this offer with the intent of creating a record they could then rely on try to convince the district court or this Court that they are not "professional objectors" seeking a quick payout. In any event, the Bond Order was still proper, regardless of Objectors' bad faith and vexatious conduct.

**2. There will be no Irreparable Injury In the Absence of a Stay**

Objectors make no attempt to argue that they will be irreparably injured if a stay is not imposed. Indeed, the district court already noted that the Objectors appear to be "able to pay an appeal bond. Mr. Morgan is a retired lawyer and is in the business of selling oil and gas equipment . . . , and Mr. De La Garza owns a

[3] This Court granted summary affirmance of this appeal under Circuit Rule 3-6 on the ground that "the questions raised in this appeal are so insubstantial as not to require further argument." Exhibit C, attached hereto (Order, No. 13-35038 (9th Cir. Apr. 22, 2013)).

real estate company. Neither has presented evidence that they would be unable to pay." *See* Exhibit 5 to Objectors' Motion at 3:17-21 (Order Granting Motion for Appeal Bond dated March 11, 2013). If Objectors want to proceed with their appeal without violating the Bond Order, which appears to be their main concern here, they can simply post the full amount of the required bond, which they do not claim to be unable to pay.

## II. CONCLUSION

For the reasons stated above, Objectors' motion should be denied in its entirety.

Dated July 12, 2013

Respectfully submitted,

s/Andrei Rado
One of Counsel for Plaintiffs-Appellees

Other Class Counsel:
Cliff Cantor, WSBA # 17893
LAW OFFICES OF CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel: (425) 868-7813
Fax: (425) 732-3752
cliff.cantor@comcast.net

Milberg LLP
Andrei Rado
Lori G. Feldman, WSBA #29096
One Penn Plaza
New York, NY 10119
Tel: (212) 594-5300
Fax: (212)868-1229
lfeldman@milberg.com
arado@milberg.com
Counsel for plaintiffs in *Dennings*

PETERSON WAMPOLD ROSATO LUNA KNOPP
Felix Gavi Luna
1501 Fourth Ave., Ste. 2800
Seattle, WA 98101
Tel: (206) 624-6800
Fax: (206) 682-1415
luna@pypfirm.com

TYCKO & ZAVAREEI LLP
Jonathan K. Tycko
2000 L St., N.W. Ste. 808
Washington, D.C. 20036
Tel: (202) 973-0900
Fax: (202) 973-0950
jtycko@tzlegal.com

Counsel for plaintiffs in *Minnick*

AUDET & PARTNERS, LLP
Michael McShane
221 Main St., Ste. 1460
San Francisco, CA 94105
Tel: (415) 568-2555
Fax: (415) 568.2556
mmcshane@audetlaw.com

Counsel for plaintiffs in *Newton*

**CERTIFICATE OF SERVICE**

I certify that, on July 12, 2013, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit via the CM/ECF system. Participants in the case who are registered users will be served by the appellate CM/ECF system.

For the following participant, who is not known to be registered CM/ECF users, I certify that on the same date, I mailed the foregoing by first class mail, postage prepaid:

Robert A. Prior
2016 E. 6th Street
Vancouver WA 98661

s/ *Andrei Raido*
Andrei Raido

# EXHIBIT A

Christopher A. Bandas (Admitted *Pro Hac Vice)*
Texas State Bar No. 00787637
BANDAS LAW FIRM, P.C.
500 North Shoreline, Suite 1020
Corpus Christi, Texas 78401-0353
Telephone (361) 698-5200
Facsimile (361) 698-5222

*Attorneys for Objectors Jeremy De La Garza and Gordon Morgan*

THE HONORABLE JAMES L. ROBART

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| MICHAEL BOBOWSKI, ALYSON BURN, STEVEN COCKAYNE, BRIAN CRAWFORD, DAN DAZELL, ANGELO DENNINGS, CHEYENNE FEGAN, SHARON FLOYD, GREGORY GUERRIER, JOHANNA KOSKINEN, ELENA MUNOZ-ALAZAZI TSANG, and KYLE WILLIAMS, on behalf of Themselves and all others similarly situated, | Case No. C10-1859-JLR |
| Plaintiffs, | AMENDED NOTICE OF APPEAL |
| v. | |
| CLEARWIRE CORPORATION, | |
| Defendant. | |

TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that objecting class members Jeremy De La Garza and Gordon Morgan hereby amend their Notice of Appeal (Dkt. 132) filed June 3, 2013, currently docketed at the United States Court of Appeals for the Ninth Circuit as Cause No. 13-35491. In addition to the already pending appeal from the Court's "Order Granting Motion for Attorney's Fees

and Expenses" (Dkt. 127) entered May 03, 2013, and from all opinions and orders that merge therein, Appellants also appeal from the Court's "Order Granting Motion for Appeal Bond" (Dkt. 142) entered July 8, 2013. Objector also hereby appeals any order or judgment approving the class settlement, class counsel's attorneys' fees or expenses, and/or incentive awards to class representatives, and any order or judgment naming or identifying this objector or the objection filed by this objector, including any entered or signed subsequent to this notice of appeal.

Dated: July 9, 2013

Respectfully submitted,

By: _/s/ Christopher A. Bandas_

Christopher A. Bandas (Admitted *Pro Hac Vice)*
Texas State Bar No. 00787637
BANDAS LAW FIRM, P.C.
500 North Shoreline, Suite 1020
Corpus Christi, Texas 78401-0353
Telephone (361) 698-5200
Facsimile (361) 698-5222

*Attorneys for Objectors Jeremy De La Garza and Gordon Morgan*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been forwarded to all counsel via CM-ECF filing on this the 9th day of July 2013. I further certify that I served the following participants in the case that are not registered CM/ECF users by first-class mail, postage prepaid.

Robert Prior
2016 E. 6th Street
Vancouver, WA 98661

_/s/ Christopher A. Bandas_
Christopher A. Bandas (Admitted *Pro Hac Vice)*

# EXHIBIT B

FILED

MAY 24 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANGELO DENNINGS, on behalf of himself and all others similarly situated; et al.,

Plaintiffs - Appellees,

v.

CLEARWIRE CORPORATION,

Defendant - Appellee,

---

GORDON B. MORGAN; et al.,

Objectors - Appellants.

No. 13-35038

D.C. No. 2:10-cv-01859-JLR
Western District of Washington, Seattle

ORDER

Appellants' motion for voluntary dismissal, filed May 15, 2013, is construed as a motion to withdraw their "petition for rehearing," filed May 6, 2013. So construed, the motion is granted and the "petition for rehearing" is deemed withdrawn.

This case remains closed.

FOR THE COURT:
Molly C. Dwyer
Clerk of Court

By: Kenneth Sogabe
Motions Attorney/Deputy Clerk

KS/MOATT

# EXHIBIT C

FILED

APR 22 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANGELO DENNINGS, on behalf of himself and all others similarly situated; et al.,<br><br>Plaintiffs - Appellees,<br><br>v.<br><br>CLEARWIRE CORPORATION,<br><br>Defendant - Appellee.<br><br>GORDAN B. MORGAN; et al.,<br><br>Objectors - Appellants. | No. 13-35038<br><br>D.C. No. 2:10-cv-01859-JLR<br>Western District of Washington, Seattle<br><br>ORDER |

Before: TROTT, PAEZ, and NGUYEN, Circuit Judges.

Plaintiffs-appellees' request for judicial notice is granted.

A review of the record, the motion for summary affirmance, and the opposition and reply thereto, demonstrates that the questions raised in this appeal are so insubstantial as not to require further argument. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir. 1982) (per curiam) (stating standard).

KS/MOATT

Accordingly, we grant plaintiffs-appellees' motion for summary affirmance of the district court's December 20, 2012 settlement order and final judgment.

Appellants' motion for sanctions is denied.

**AFFIRMED.**